The last date will be 087065. May it please the court. Veterans Court erroneously concluded that Mr. Malone did not use a retrospective medical opinion to support a retroactive evaluation of his post-traumatic stress disorder. 38 CFR section 3.1560 requires a retrospective evaluation of Mr. Malone's disability as Mr. Malone's case meets the requirement of that regulation. Why does it have jurisdiction in this case? Isn't this application of Malone at termination of one of his first plans ATSD? Your Honor, I believe we have jurisdiction in this case because of pure interpretation of 3.156. We are not asking this court to determine the proper effective date in this case. We are asking this court only to remand it to the Veterans Court for the Veterans Court to properly interpret 3.156C and allow for the retroactive evaluation, which was not allowed for in this case. The retroactive evaluation that was performed by the Veterans Court, and perhaps more importantly, the Board, did not consider the requirements that 3.156C requires by its terms. Instead, it cut short the retroactive evaluation period and looked only at 1989 as opposed to the original claim filed in 1982, which would make it a purely legal question. But even if you were to prevail, would you be able to go back, I mean, beyond the filing date of the claim? I believe that if this court were to— Earlier than 1982? I believe, Your Honor, if—well, Your Honor, I'd like a clarification on the question if you could. Do you mean the original—do you mean should it look back to before the 1982 claim? Should it look back to the service time? Is that— The time when he first applied. In 1982? Yes. Yes, Your Honor. If 3.156C were applied correctly, then the retroactive evaluation period would be open for the entire time, and the agency would be able to look back all the way to 1982 because that is his original claim. He claimed nerves in 1982, as you know, as we pointed out in a brief. And that would be the claim that they would be able to look back to should they have applied 3.156C correctly. But not earlier than that. Probably not, Your Honor, although I would add that 3.156C would take into account the medical evaluation. The medical evaluation actually goes back to the time of service, but as a matter of reality, he's probably not going to get an earlier evaluation than the 1982 claim. The Veterans Court— Is that premise on the fact that the 1982 claim calls for a nervous condition instead of PTSD? It's premise on the fact that in 1982, the veteran filed a claim. It doesn't necessarily—this Court does not necessarily have to look to what it is he filed. It is the fact that he did file a claim in 1982, and 3.156C, by its terms, will not allow for an earlier evaluation other than when the original claim was filed. But does that fly in the face of the Ephraim opinion? I don't believe so, Your Honor. The Ephraim—the Secretary relies on Ephraim, but in Ephraim, that was a jurisdiction question. And in Ephraim, this Court decided to construe broadly the idea that the veteran could claim PTSD in order to meet the jurisdiction requirements of review by the Court of Appeals for Veterans Claims. In this case, we are asking only that 3.156C, the regulation, be interpreted and allow the Court to do what they did not do in the first instance, which is to look to see if this evaluation could go back and conceivably result in a 1982 effective date. But for what kind of disorder? In this case, because the medical evidence shows that he has post-traumatic stress disorder, it would be for post-traumatic stress disorder. It doesn't matter. The claim was filed in 1982. No, Your Honor, it was not. And in 1982, he did file for NERVS, and as we pointed out in our briefs, they had a duty then, as they have a duty now, to broadly construe that. A claim for NERVS, whether or not if it's close enough to PTSD, would be something that the agency would have to review on remand. The board didn't necessarily address that because the board didn't even discuss the 1982 claim. The board looked only to 1989. And the Veterans Court opinion did address that after saying that they would investigate that, but also pointing out that there was a second way for them to be able to go back to 1982, and that is if this claim had remained pending the entire time. I would submit that there is no reason after they… What did the court say about the coincidence of NERVS and post-traumatic stress disorder? What did they actually say? To the extent that they spoke to it, they said that post-traumatic stress disorder was not claimed in 1982. Wasn't that NERVS did not encompass in this case? Yes, Your Honor. But, Your Honor, that fact-finding should never have been done by the Veterans Court because they should have interpreted 3.156C correctly to begin with, which would not have allowed the court, and in the briefing below to the Veterans Court, Mr. Malone did argue for remand for the board to just consider whether 1982 was a viable option or was a viable claim. But the 1982 determination became final and never appealed. Yes, sir. Does that impact the present decision by the court of ethics? I'm sorry, I didn't hear the last part. Does that impact the present decision as to whether or not it was final at that point, so you really cannot go back to that particular date? Which, Your Honor, actually brings me back to my point. Under 3.156C1, there is no reason that the court in its retrospective evaluation period, or the agency, I should say, in its retrospective evaluation period, could not look back to when that claim was filed. It has nothing to do with finality. That is precisely where the Veterans Court started to go down the road of misinterpreting 3.156 because it had looked at the McGrath case and said that had it been on continuous appeal, they would have been able to award the 1982 effective date. But if they had looked at 3.156C1 and C3 and 4, they would have realized that it does not matter that that is a final claim in order to throw open the evaluation period again. In other words, they started to go into this and say that it performed some kind of end run around 5110, which it did not because 3.156C, as the regulatory history points out and as the Veterans Court did in Vigil, only allows a different way and in a very specific set of circumstances. The very specific set of circumstances we have here where the veterans submitted service records and that was the basis for the reopening. But the basic distinction between your case and McGrath, the fact that McGrath was on the front, so you could go back to the original date. That's what the Veterans Court said. The Veterans Court did say that, which is precisely my point because under 3.156C1, it does not matter that the 1982 decision was filed. In other words, just because the 1982 decision became filed, it does not prohibit the agency from, in the first instance, looking back to see if the 1982 decision could have supported the claim for PTSD. But you're saying at that point then it's acute type of a situation. Your Honor, I would not say it's acute type of situation. Acute type of situation would have to go back to the facts that they existed at the time. It would not allow for this retroactive evaluation to be considered because it would be looking at the facts at the time. Where 3.156C, as the Veterans Court did recognize and believe in Vigil and as it's spoken to in the regulatory history, is that this is different than Q. It's a little bit more pro-claimant than Q because it allows for the veteran to now, because his service records weren't identified, weren't part of the claims filed, for whatever reason, once those get in, it gives him another shot at VA being able to look back at the entire period from which he had filed a claim. It's a little bit different than Q, although Q is another avenue to get back to 1982. I would submit that 3.156C allows a second avenue, and that's precisely what is at issue here. As I was saying, Section 3.156, which was promulgated under 38 U.S.C. 5108, does not allow for an end-run around 5110, as the Secretary and the Veterans Court suggest. Rather, it carves out a path for veterans in this very limited set of circumstances to obtain the effective date of their original claim, regardless of upheld status. This Court recognized that possibility in the Jackson case and in Sears v. Principia when it analyzed the former 3.400Q2, which is now substantively a part of 3.156. The Veterans Court, by concluding that Mr. Malone's original claim in 1982, quote, cannot be construed to encompass a claim for PTSD, barred the correct interpretation of 3.156, which commands only that a retrospective evaluation be conducted. The Veterans Court erred by limiting the retrospective evaluation to 1989 and not allowing for the retrospective evaluation to 1982. Had the Court interpreted 3.156 by its plain terms, they would have remanded this case for VA to conduct the retrospective evaluation to see whether a diagnosis of PTSD could be supported in 1982. This case should be remanded for the agency to look to see if the evidence of record today supports the diagnosis to the date of the original claim in 1982. This Court should interpret retroactive evaluation to include a retrospective medical review of the evidence. To this end, this Court should interpret 3.156 and allow for a retrospective evaluation. As such, the Veterans Court's finding that 3.156 allows only for an evaluation dating back to 1989. It should be reversed, and the case should be remanded with an instruction to properly interpret 3.156 and allow for the agency to retrospectively evaluate Mr. Malone's claim. If there are no further questions, I'd like to save my time for rebuttal. All right. Thank you, Your Honor. May I please have the Court? We don't believe the Court has jurisdiction over this case, as we've pointed out in the briefs. The Court has held in honor in other cases that the determinations in respect of the date and the determinations of what the claim is is a matter of fact, or application of a law of fact, which the Court noted in those cases it doesn't have jurisdiction over. In this case, the Court is presenting with a claim that the Veterans Court's holding that the 1982 claim was a claim not for PTSD is being challenged. In order to get around jurisdictional obstacles faced by Senate 292 and this Court's jurisdictional statute, the claimant has developed a clever but overly expansive and ultimately wrong reading of 3.156C. In fact, 3.156C was applied in this case by the Board of Veterans Appeals. As the Court may recall in reading through the record, initially in 1982, the veteran submitted a claim for nerves. The VA developed that claim and concluded that he was actually suffering from a personality disorder, which as the Court knows is a non-compensable condition, so he didn't get any benefits at that time. In 1989, he submitted a new claim, and this time he submits a claim for post-traumatic stress disorder. A different claim, as this Court's already held in Ephraim. And in Ephraim, that decision was critical to this Court's holding that Ms. Ephraim had raised a jurisdictionally satisfying NOD. For purposes of this Court's jurisdiction, as the Court may recall, back when the BJRA was first passed, November 18, 1988, was the critical date. And in the Ephraim case, she had submitted two claims, one prior to that date and one after that date. The one prior was for depressive neurosis, and the one after was for post-traumatic stress disorder. This Court held that Ms. Ephraim and this Court had jurisdiction over the post-traumatic stress disorder because it was a different claim, and it was satisfying the jurisdictional requirement. So it was a decision this Court should follow in this case. So in order to get around these obstacles about what is a claim, Mr. Malone suggests that 3.156 somehow should be construed to apply to any claim, as long as there was a prior claim. So in other words, using his logic, in 1982, if the claim had been for a broken arm, and then in 1989, the claim was for post-traumatic stress disorder, then 3.156C would allow him to get benefits going back to 1982, merely because he had filed a claim in 1982 for a broken arm, when, in fact, it was a completely different claim. Now, the question of what was the claim, again, is not before this Court, but I want to point that out to show the failure in logic of the argument. 3.156C was designed to basically restate the exception in 3.400Q, which was discussed in Cook. In fact, the Court may recall that it was an exchange between counsel and the Court in Cook that's contained in the Cook-Enbaum decision about retroactivity and Q and ways to get earlier effect in this case, outside of Q. One of those ways is 3.156C. That is, the plain language of 3.156C. Some of us think Cook was wrong. It's water over the dam. Let me ask you a question. Yes. If, in 1982, PTSD was not recognized as a proper condition, and a veteran comes in and says, I have nerves, I suffer from a nervous disorder, period, and five years later, PTSD is recognized, can you go back and get a re-evaluation of this condition back in 1982 at that point in time? 3.156C would allow him... The focus is not the re-evaluation. It's retrospective re-evaluation. That doesn't get you earlier benefits. What gets you earlier benefits under 3.156C is missing service records, and that's what happened in this case. 3.156C1 kicks in with missing service records, not retrospective evaluations. That, as we point out in the brief, is one of the fundamental problems in Mr. Enbaum's claim in this case. As I mentioned, he did receive the benefit of 3.156C in this case. In 1989, he submitted a claim for post-traumatic stress disorder, and I'm going to answer it. It's going to be a two-part answer. In 1999, he had a final unappealed decision of the Board of Veterans' Appeals denying his claim, failure to establish Vietnam service. So at that point, his only way to get an earlier effectiveness date would have been under Q. What happened later in 1999, he submitted a new claim. So the claim stream was broken in 1999. It became final. It became final in 1999. He submitted a new claim later in 1999, in which he was able to procure some evidence indicating that he had spent three weeks in Vietnam. Subsequent to that, through that unbroken claim stream, he was able to establish through a buddy statement that he actually had PTSD stressor, which was ultimately the determination of the Board that he was entitled to benefits. They then applied 3.156C, specifically in the record, the Board decision appendix 77. When they accepted the argument before the Board was actually doing this, accepted the argument presented to the Board that 3.156C should allow him to have retroactive effective date back to 1989, which was the date of his initial PTSD. Not 1982. Not 1982. The argument was for 1989. And the reason was because that was the date, the first date of his PTSD claim. And the Board concluded that because part of the claim was eventually substantiated on the basis of these newly found service records, then 3.156C would apply. It would kick in because it's not retroactive evaluation that has anything to do with that. Why wouldn't it go back all the way to 1982? Because there was no PTSD claim in 1982, nor was there any evidence. A nervous condition at that point. And a nervous condition was not diagnosed as PTSD. It wasn't. Erroneous diagnosis. That's not the case here, though. We don't know that. What we do know is that the claim was... Hypothetically, there was an erroneous determination at that point. There would have to be some... Not by 1982? No, because they're not under 3.156C unless there was a missing service record aspect to it that led, in whole or in part, to the award. There has to be. That's the hook under 3.156C. Now, there could be an argument... Missing service record. Under 3.156C. There could have been a 1982 determination if, in fact, there was a misdiagnosis at that point in time. And it became final. There was no appeal from it because the veteran didn't know anybody that he could appeal a misdiagnosis. So if, in fact, there was a misdiagnosis, can you go back at that point and say he wrongfully determined that my nervous condition was not PTSD? Hypothetically, if they have the hook to use 3.156C, a new diagnosis might be considered in that circumstance. But you've got to have the hook. It gives you the 3.156C because of the missing service record. Yes, but you have to have the claim. And in this case, you don't have the claim. And even in your hypothetical, which is different than this case, you have to have the claim, and the claim here was nerves. It's different than PTSD. But even more important for purposes of this case, the claim was developed, and the finding by the regional office was a finding of a personality disorder. And then subsequent to that, in 1989, when he submitted, after he even submitted his 1989 claim for PTSD, in which he does identify PTSD twice, and these are the two documents attached to our brief, the regional office in 1990 and 1991 rejected those for failure to establish service connection for PTSD. In other words, the finding was that he couldn't establish PTSD. So on this record, frankly, what the court's suggesting is to go back in and try to re-review the facts, which is completely inappropriate. But what we would say is... Yes. But what we would say is that in this case, 3.156C was properly applied by the board, and it gave Mr. Malone an effective date going back to 1989, instead of 1999, which otherwise would have been the case, given the broken claim stream. But the key part here is claim, claim stream, and we don't have a case in which the claim was made in 1982 that was the same claim in 1989, and those are the findings that have to be set aside, essentially, by this court for anything else to happen in this case, and we submitted the court simply doesn't have jurisdiction to set those kinds of findings aside, as this court's already stated in Bonner. The determination of what was the claim is one of fact or application of law of fact. In Bonner, this court said, we don't go there, and that's what happened in this case. You have findings below that say that the 1982 claim was not for PTSD, and points to that from decision as an example of the fact that there are distinctions within this field. Thank you. All right, thank you. Mr. Schultz. Your Honor, I'd like to first address Attorney Powers' question to my opposing counsel. You asked if it was a misdiagnosis, would he get a retroactive evaluation. I would like to remind the court that that is precisely what we have evidence of here. What Dr. Mangold's opinion says is that he was misdiagnosed all along with this nervous condition or with whatever else they diagnosed him with. It was a misdiagnosis, and what he actually had was PTSD going back to service. The government's attorney said that you still have to have what he called the hook in order to get this evidence considered, and that hook is met in this case, this 3.156C. Mr. Malone submitted his service records. That is the reason this got reopened or should have triggered the reevaluation period. So we have satisfied both of those criteria in this case. To the extent that counsel has said that the Board did address 3.156C, again, in the Board's decision, and I believe that that is out of Appendix 77, as counsel said, if you would read that, you can see that the Board of Veterans' Appeals actually just said 3.156 applies and then said, so he gets 1989. There is no consideration of 1982, which is precisely what 3.156C.1 requires, and C.3. and C.4. Under C.1, there is no reason to follow the government's logic in this case, that this has to be part of what he calls the claim stream. That's part of the Veterans' Court's error in this case. They looked to see if there was a claim stream. They looked to see if his 1982 claim had remained open. There is no requirement under 3.156C.1 that this needs to be a part of the original claim stream. By its plain terms, it says only a claim. Moreover, the regulation goes in and does not talk about any specifically pled claim. C.3. and C.4. say that a retroactive evaluation should be conducted by the agency when there is a claim. And this claim, the first claim that the veteran filed in this case goes back to 1982. So to the extent that those are the facts of this case, 3.156 should have been triggered by the board, and surely by the Veterans' Court, and they should have remanded for this retroactive evaluation. This retroactive evaluation was never conducted all the way. The retroactive evaluation was conducted only by reading some requirement into 3.156C. That does not exist. Some type of pleading requirement that is not in there. The regulation speaks only to a claim. And in fact, as we pointed out, as Mr. Long pointed out in his reply brief, this has been done by the agency in the past. The agency has not restricted its retroactive evaluation to the specifically pled claim. As to the court's questions concerning whether this is, in fact, a question of law or a question of fact, again, I would submit that the relief we seek is for the correct interpretation of 3.156, and particularly C1, 3, and 4. If the court had interpreted this correctly, there would be a retroactive evaluation period  would have been a retroactive evaluation would be part of that evaluation period. Thank you, Your Honor. In this case, I don't believe we are, Your Honor. Thank you, Your Honor. Thank you very much. The case is submitted. All rise.